REGAN, Judge.
Plaintiff, Frank J. Beyer, a general painting contractor, instituted this suit against the defendant, George Stringer, alleged to be a subcontractor, endeavoring to recover the sum of $263.33, representing the balance due by defendant to plaintiff on the subcontract for painting the residence designated by Municipal No. 2512-14 North Rampart Street, owned or occupied by Mrs. Aucoin, with whom plaintiff had entered into an oral painting contract in the amount of $480 on or about December 1, 1955.
Defendant answered and denied that he had been employed by plaintiff as a subcontractor to paint the residence described hereinabove and asserted that on November 26, 1955, he as an independent contractor had entered into a written agreement with O’Neil L. Aucoin to paint the exterior of the property for the sum of $480 and that no contract of any sort ever existed between plaintiff and O’Neil L. Aucoin.
From a judgment in favor of defendant, dismissing plaintiff’s suit he has prosecuted this appeal.
Plaintiff and Mrs. Helen Richards, his secretary, related that some time in the early part of November 1955, Mrs. Aucoin telephoned the plaintiff and requested an estimate of the cost of painting her property. Plaintiff, accompanied by Mrs. Richards, visited the property and submitted a bid of $480 to Mrs. Aucoin, who a few days later notified them that she had discussed the bid with her husband and that they were mutually satisfied to have plaintiff do the work at the price quoted. Plaintiff and Mrs. Richards, corroborated by Elbert Fendley, a painter employed by plaintiff, testified that for many years it had been customary for the plaintiff to sublet painting contracts to other painters on the basis of 75% to the subcontractor and 25% to him. It is conceded that the defendant was such a subcontractor on what the litigants referred to as the “St. Roch Avenue job,” which is in the vicinity of the property involved in this controversy, and that the defendant had worked for plaintiff as a subcontractor on several other jobs.
Plaintiff and Mrs. Richards insisted that the defendant undertook the subcontract of painting this property in North Rampart Street and employed, among others, Carl Beyer, a brother of the plaintiff. They testified that in December 1955 while the work was in progress, Mrs. Aucoin telephoned plaintiff and informed him that the defendant had abandoned the work. Plaintiff then telephoned the defendant and related to him Mrs. Aucoin’s message. Pie replied that he would finish the work when “he got good and ready.” Plaintiff then contacted Fendley and requested that he finish the job. He and four other men *494 worked one day and were paid by plaintiff the sum of $64.20 for labor and $39.13 for materials used in connection with the work. Fendley returned to the property the following day, and he was informed by Mrs. Aucoin that the defendant had already been there and in effect had finished the job.
The defendant in opposition to the foregoing testimony convincingly related that while he was working as a subcontractor for the plaintiff on the “St. Roch Avenue job,’’ O’Neil Aucoin, whose residence was about two blocks removed from this job, visited him and asked him if he did independent paint contracting work. He replied that he did, and Aucoin then requested that he visit his property on North Rampart and estimate the cost of painting the exterior thereof. After submitting an estimate to Aucoin, they entered into a written contract dated November 26, 1955, for the painting of his property. The defendant readily admitted that he had worked as a subcontractor for the plaintiff on several other jobs but asserted that on this particular job he had never been contacted by the plaintiff to work thereon as a subcontractor. In fact he stated that the plaintiff had informed him that he had also been requested to “figure” the cost of painting the Aucoin property. In all other pertinent respects the defendant unequivocally denied the testimony adduced on behalf of the plaintiff.
The foregoing testimony reveals that only questions of fact were posed for the trial court’s consideration. The trial judge was obviously of the opinion that the plaintiff had failed to prove the existence of an oral contract between himself and the Aucoins for -the very simple reason that he neglected to produce as a witness on his behalf either Mr. or Mrs. Aucoin, who were in the best position to confirm or deny whether the plaintiff had entered into an oral contract with them for the exterior painting of their residence; and no reasonable explanation was given to this court, either in brief or oral argument, as to why he omitted producing either of these witnesses, especially since the defendant was relying on a contract which he asserted was signed by Aucoin.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ testimony. The trial judge believed the defendant, and our analysis of the record convinces us that the evidence preponderates in his favor, and the judgment, therefore, is correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed